FILED - CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS   2004 SEP 17   AM 10: 17
BEAUMONT DIVISION

TX EASTERN-BEAUMONT

BY _Barbara Theriot_

| | | |
|---|---|---|
| TOMMY A. CARY, | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1 : 0 4 C V 0 5 9 6 |
| HARTFORD LIFE INSURANCE | § | |
| COMPANY AND ALLIANZ LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

## NOTICE OF REMOVAL

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("Allianz Life"),

improperly sued as "Allianz Life Insurance Company," a non-existent entity, Defendant

in the above-styled case, files this its Notice of Removal, and would respectfully show

the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.    Allianz Life is a Defendant in the above-entitled action, until now pending

in the 260th Judicial District Court of Orange County, Texas, Cause No. D040342-C,

styled "*Tommy A. Cary v. Hartford Life Insurance Company and Allianz Life Insurance

Company.*" Defendant Allianz Life was served with the Summons and Plaintiff's Original

Petition and Application for Declaratory Relief ("Plaintiff's Petition") on the 30th day of

August, 2004. Defendant Hartford Life Insurance Company ("Hartford") was served with

the Summons and Plaintiff's Petition on the 31st day of August, 2004.   Defendant

Hartford joins in and consents to the removal of this action. Removal is timely because

thirty (30) days have not elapsed since Plaintiff's Petition was served upon any defendant.

2.      In his Petition, Plaintiff seeks to recover damages for the alleged failure of Hartford and Allianz Life to pay benefits under an insurance contract issued to Plaintiff. Plaintiff's Petition alleges the following causes of action: (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act; (3) negligent misrepresentation; (4) violations of the Texas Insurance Code; and (5) fraud. (*See* Plaintiff's, Exhibit A-1, ¶'s IV – XIII).

## II.
## BASIS FOR REMOVAL

**Diversity Jurisdiction**

3.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the amount in controversy exceeds $75,000, and is between citizens of different States.

4.      Plaintiff seeks disability benefits from Defendants pursuant to an insurance contract. (*See* Plaintiff's Petition, attached hereto Exhibit A-1, ¶ IX).  Plaintiff alleges damages under five (5) separate causes of action in his Petition and also seeks punitive damages, along with attorney's fees (*See* Plaintiff's Petition, attached hereto Exhibit A-1).  Furthermore, Plaintiff alleges a loss of substantial physical assets, including "a loss of substantial equity…in excess of $250,000.00."  (Plaintiff's Petition, attached hereto Exhibit A-1, ¶ , III, sentence 21).

5.      Based upon Plaintiff's request for disability benefits and the fact that Plaintiff has requested damages under numerous causes of action, as well as punitive

damages and attorney's fees, Allianz Life has a good faith basis to believe and assert that the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000.

6.     Defendant Allianz Life was, at the time of the filing of this action, has been at all times since, and still is a corporation organized under the laws of the State of Minnesota with its principal place of business in the State of Minnesota. Defendant Hartford was, at the time of filing of this action, has been at all times since, and still is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Allianz Life and Hartford are the sole defendants in this action, thus there is no defendant in this matter who is a citizen of the State of Texas.

7.     Plaintiff Tommy A. Cary was, at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of the State of Texas. (*See* Plaintiff's Petition, Exhibit A-1, ¶ II, sentence 1).

8.     28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)     citizens of different states; --"

28 U.S.C. § 1332(a) (1).

9.     For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

10.     Under the diversity statute, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . .." 28 U.S.C. § 1332(c) (1).

11.     As Allianz Life is a citizen of the State of Minnesota and Hartford is a citizen of the State of Connecticut, while Plaintiff Tommy A. Cary is a citizen of the State of Texas, but not Minnesota or Connecticut, complete diversity of citizenship exists between Plaintiff and the Defendants.

12.     Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1332.

## IV.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13.     Pursuant to 28 U.S.C. §  1446(b) this Notice of Removal is being filed within thirty (30) days after receipt by Defendants of a copy of the first pleading, motion, order, or other paper from which it could be ascertained that the case is one which is removable.

14.     Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

15.     Pursuant to 28 U.S.C. §  1446(d), Defendant is providing written notice of filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the clerk of the 260th Judicial District Court of Orange County, Texas.

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, copies of all processes, pleadings, and orders filed with the state court, together with an index of such documents, are attached hereto as **Exhibit "A."**

17.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, attached hereto as **Exhibit "B"** is a certified copy of the docket sheet in the state court action.

18.     Pursuant to Local Rule CV-81, attached hereto as **Exhibit "C"** is a List of Supplemental Information containing the following information:

    a.    A list of all parties in the case, their party type, and current status of the removed case;

    b.    A complete list of attorneys involved in the action, including each attorney's bar number, address, telephone number and party or parties represented;

    c.    a record of which parties have requested trial by jury; and

    d.    the name and address of the Court from which the case is being removed.

19.     Trial has not commenced in the 260th Judicial District Court.

**VI.**
**CONCLUSION**

20.     Because diversity jurisdiction exists over Plaintiff's claims, as set out in Plaintiff's Petition, Allianz Life is entitled to and hereby removes said cause from the

260th Judicial District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.

WHEREFORE, Allianz Life Insurance Company of North America, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action from the 260th Judicial District Court of Orange County, Texas to this Court, on this 16th day of September 2004.

Respectfully submitted,

WM. LANCE LEWIS
State Bar No. 12314560
M. KASEY RATLIFF
State Bar No. 24041751
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4300
Dallas, Texas  75202
(214) 651-4300 (Telephone)
(214) 659-4170 (Direct Fax)

**ATTORNEYS FOR DEFENDANT
ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was sent

to all counsel of record via Certified Mail, Return Receipt Requested, this 16th day of

September, 2004, in accordance with the Federal Rules of Civil Procedure.


M. KASEY RATLIFF

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **TOMMY A. CARY,** | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. _____ |
| **HARTFORD LIFE INSURANCE** | § | |
| **COMPANY AND ALLIANZ LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |
| | § | |

## INDEX OF REMOVAL DOCUMENTS BEING FILED

| No. | Date | Document |
|---|---|---|
| 1. | 08/23/04 | Plaintiff's Original Petition and Application for Declaratory Relief |
| 2. | 08/30/04 | Citation and Return of Service for Allianz Life |
| 3. | 09/17/04 | Notice of Filing of Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division |

# EXHIBIT A-1

NO. D040342-C

TOMMY A. CARY                        §        IN THE DISTRICT COURT OF
                                     §
VS.                                  §        ORANGE COUNTY, TEXAS
                                     §
HARTFORD LIFE INSURANCE              §
COMPANY AND ALLIANZ LIFE             §
INSURANCE COMPANY                    §        260th JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY RELIEF

TO:   THE HONORABLE JUDGE OF SAID COURT

COMES NOW, TOMMY A. CARY, Plaintiff in the above styled and numbered cause, hereinafter sometimes referred to as "Cary", and files this his Original Petition and Application for Declaratory Relief complaining of Hartford Life Insurance Company and Allianz Life Insurance Company, Defendants herein, and in support of said cause would show unto the Court as follows:

I.

Discovery in this matter is intended to be conducted under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

II.

Plaintiff, Tommy A. Cary, is an individual residing in Orange, Orange County, Texas.

Defendant, Hartford Life Insurance Company is a corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, licensed to do business in the State of Texas, who has designated as its agent for service: C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, TX 77002.

Defendant, Allianz Life Insurance Company is a corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, licensed to do business in the State of Texas, who has designated as its agent for service: C.T. Corporation System, 350 North St. Paul Street, Dallas, TX 75201.

III.

Introductory Facts

Tommy A. Cary is a forty-seven (47) year-old individual who resides in Orange, Orange County, Texas.  Cary was previously employed as a practicing dentist.  He enjoyed a thriving practice in Orange, Orange County, Texas, where he generated a substantial income from his practice.  He was a solo practitioner and therefore continued operation of his dental practice relied solely upon his efforts.  Approximately ten years ago, Cary was contacted by an agent for Defendants Allianz Life Insurance Company ("Allianz") and Hartford Life Insurance Company ("Hartford"), hereinafter jointly the "Disability Insurers", who advised Cary that he should obtain disability insurance coverage in order to protect Cary and to provide Cary with at least a minimum level of income in the event, for whatever reason, Dr. Cary became disabled in the practice of dentistry.  Cary, based upon numerous representations and warranties by the Disability Insurers and their agents, purchased the disability insurance policy, including particularly disability insurance policy bearing policy number GLT696300.  This policy was in force at all particular times related to the matters detailed herein.

Cary would show that beginning in the early 1990's, Cary began experiencing substantial medical problems, including problems related to his hip, his heart and other medical problems which impacted his ability to continue the practice of dentistry.  In large part based upon his refusal to accept these disabilities and in an effort to keep his practice afloat, which practice, as detailed hereinabove, was based upon his sole efforts, Cary continued to provide dental services to his customer base despite his dwindling physical condition.  Ultimately, Cary's physical limitations became so severe that he had to have an entire hip replacement, is in need of a second hip replacement, has had heart surgery, and is in need of additional surgeries.  Numerous medical doctors providing treatment to Cary have determined that he is not only disabled from the practice of dentistry, but more importantly, he is even totally disabled as that term is defined under the Social Security Disability Act.  As such, it is clear that Cary is disabled,

as that term is defined under the terms and conditions of the Disability Insurers policy. It is further clear that he is permanently disabled as that term is defined under the policy. Despite same, and despite filing an appropriate application with the Disability Insurers, the Disability Insurers refused to tender payment to Cary of the sums due and owing under the policy. The Disability Insurers' basis for this denial has never been effectively detailed to Cary to allow him to respond. The Disability Insurers failed and refused to honor the policies, without even reasonable explanation for said denial. Cary has at all times cooperated with all requests by the Disability Insurers as required under the terms and conditions of the policy. Despite same, the Disability Insurers continued to fail and refuse to tender payment of disability sums due and owing under the policy. As a result of the Disability Insurers' failure to tender benefits to Cary, Cary has sustained severe financial distress, including loss of income, which has in turn resulted in loss of various properties and assets owned by Cary due to his inability to tender payment of monthly indebtedness secured by these assets and properties. But for the failure of the Disability Insurers to tender payment of sums due and owing under the disability policy, Cary would have been able to timely and completely tender payments to his various creditors. In fact, as a result of the failure of the Disability Insurers to tender payments to Cary, Cary has actually lost substantial physical assets, through foreclosure proceedings or otherwise, which loss of physical assets, including certain real property, has resulted in a loss of substantial equity previously owned by Cary in excess of $250,000.00.

Plaintiff would show that as a result of the acts and omissions on the part of the Disability Insurers, Plaintiff has sustained substantial damages in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. More particularly, Plaintiff would show that the acts and omissions of the Disability Insurers were a producing and/or proximate cause of Plaintiff's damages for which he herein sues.

IV.

### Breach of Contract

Restating all previous allegations, Plaintiff would show that the acts and omissions of the Defendants the Disability Insurers detailed hereinabove constitute a breach of Defendant's contractual obligations to Plaintiff, which breach was a producing cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues.  These actual damages include both economic and non-economic damages, direct and consequential damages, and other damages recoverable under the laws of the state of Texas for which Plaintiff herein sues.

V.

### Deceptive Trade Practices Act

Restating all previous allegations, Plaintiff would show that the acts and omissions of the Defendants the Disability Insurers detailed hereinabove constitute violations of various provisions of the Texas Business and Commerce Code, Section 17.401, et seq, more commonly known as the Deceptive Trade Practices Act.  Plaintiff would show that the acts and omissions of the Disability Insurers constitute violations of the Deceptive Trade Practices Act including not only violations of the "laundry list items" detailed within the Act, but also violations and/or breach of certain expressed and implied warranties, certain unconscionable acts, and other acts in violation of the Deceptive Trade Practices Act.  Plaintiff would show that these acts and omissions on the part of the Disability Insurers were a producing cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues.  Further, Plaintiff would show that the acts and omissions of Defendants the Disability Insurers resulted in damages to Plaintiff, both economic and non-economic, direct and indirect, for which Plaintiff herein sues.  Plaintiff would further show that the acts and omissions of Defendants the Disability Insurers were completed knowingly, for

which the law allows the imposition of exemplary damages for which Plaintiff herein additionally sues.

VI.

### Negligent Misrepresentation

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendants the Disability Insurers, both individually and by and through its authorized agent, constitute negligent misrepresentation, which negligent misrepresentation was a producing and/or proximate cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues.

VII.

### Violations of the Insurance Code

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendants the Disability Insurers detailed hereinabove constitute violations of certain provisions of the Texas Insurance Code, including particularly Article 21.21, as well as other violations of the Texas Insurance Code, which acts and omissions were a producing and/or proximate cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues.  Plaintiff further seeks recovery of any additional and/or exemplary damages authorized as a result of violation of provisions of the Texas Insurance Code, together with recovery of interest, at the highest allowable rates, as authorized under the terms and conditions of the Texas Insurance Code.

VIII.

### Common Law Fraud/ Fraud in the Inducement

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendants the Disability Insurers detailed hereinabove constitute common law fraud and/or fraud in the inducement, which fraudulent actions on the part of Defendants the Disability Insurers were a proximate and/or producing cause of certain actual damages sustained by

Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. Pleading further, Plaintiff would show that Defendant made, both directly and through its agent, certain representations and warranties to Plaintiff regarding the nature and extent of the benefits to be provided to Plaintiff through acquisition of the disability policy, which representations and warranties Defendant knew were false. Plaintiff would show that Plaintiff reasonably relied upon these representations and warranties, much to his damage. Plaintiff would show that these acts and omissions on the part of Defendants the Disability Insurers, both directly and by and through its agent, were a producing and/or proximate cause of certain substantial damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of the Court. Plaintiff would further show that the fraudulent activity detailed hereinabove is the type of activity that the law allows for the imposition of exemplary damages, for which Plaintiff herein additionally sues.

IX.

Plaintiff petitions the Court pursuant to the Declaratory Judgment Act, Chapter 37 of the Texas Civil Practices and Remedies Code, for a construction of the disability insurance policy made the basis of the pending cause of action, a declaration that the Defendants the Disability Insurers is obligated to tender payment to Plaintiff of disability benefits under the terms and conditions of the policy, both in the past and continuing in the future, as required under the terms and conditions of the policy, and determining the relative rights of the parties under the terms and conditions of the policy.

X.

Attorney's Fees

Restating all previous allegations, Plaintiff would show that due to the acts and omissions of Defendants the Disability Insurers detailed hereinabove, Plaintiff was caused to retain the undersigned counsel and has agreed to pay the undersigned counsel a reasonable fee for which Plaintiff herein additionally sues. Plaintiff seeks recovery of Plaintiff's attorney's

fees pursuant to provisions of the Texas Civil Practices and Remedies Code, Section 38.001, et

seq, as well as pursuant to provisions of the Deceptive Trade Practices Act detailed

hereinabove and pursuant to Defendant's violation of certain provisions of the Texas Insurance

Code also detailed hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff would request that Defendants the

Disability Insurers be cited to answer and appear herein and that upon final hearing, Plaintiff

have judgment against the Disability Insurers as follows: (a) recovery of Plaintiff's actual

damages, both economic and non-economic, direct and consequential, in sums to be proven at

the time of trial; (b) recovery of additional damages as authorized under the Deceptive Trade

Practices Act; (c) punitive damages for Defendant's fraudulent activity as pled hereinabove; (d)

prejudgment and post-judgment interest at the highest allowable rates; (e) recovery of Plaintiff's

attorney's fees and costs of court; and (f) such other and further relief, at law and in equity, to

which Plaintiff may show himself justly entitled.

Respectfully submitted,

McPHERSON, MONK, HUGHES,
BRADLEY, WIMBERLEY & STEELE, L.L.P.
3120 Central Mall Drive
Port Arthur, TX  77642
(409) 724-6644
(409) 724-7585 - Facsimile

BY: _____
JAMES E. WIMBERLEY
State Bar No. 21750350

ATTORNEYS FOR PLAINTIFF,
TOMMY A. CARY







CERTIFIED COPY

# EXHIBIT A-2

CIVIL CITATION - CCVOPLWD

## THE STATE OF TEXAS

To:   **ALLIANZ LIFE INSURANCE COMPANY**      C/O C T CORPORATION SYSTEM
**350 NORTH ST PAUL STREET**

**DALLAS,   TX   75201**

Defendant, NOTICE:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed at the District Clerk's Office at the Orange County Courthouse, 801 Division Street, or by mailing it to P.O. Box 427, Orange Texas 77630.

Said: **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY RELIEF**

was filed and docketed in the Honorable 260TH DISTRICT COURT of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 Division Street, Orange, Texas on AUGUST 23, 2004 in the following styled and numbered cause:

**CAUSE NO: 040342-C**

## TOMMY A CARY VS HARTFORD LIFE INSURANCE COMPANY ET AL

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:
**JAMES E WIMBERLEY**
**3120 CENTRAL MALL DR PORT ARTHUR, TX 77642**

ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this August 25, 2004.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas,
By: _____ Deputy

---

### RETURN

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock
_____ M. and executed in _____ County, Texas, at _____ o'clock ____ M. on the
_____ day of _____ , 20_____ , by delivering, in accordance with the requirements of
law, to the within named _____

in person, a true copy of this citation together with the accompanying copy of the petition, having first
endorsed thereon the date of delivery.
And not executed as to the defendant _____

the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____      BY: _____


CT System

Service of Process Transmittal Form

Dallas, Texas

08/30/2004

Via Check Boxes Below Orginal Sent to:

TO: Suzanne J Pepin
Allianz Life Insurance Company of North America
5701 Golden Hills Drive
Minneapolis, MN  55416-1297

Phone: (763) 765-6656 ex:

**RE:   PROCESS SERVED IN TEXAS**

**FOR**      Allianz Life Insurance Company of North America Domestic State: Mn

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:            Tommy A Cary vs Hartford Life Insurance Company and Allianz Life Insurance Company

2. DOCUMENT(S) SERVED:    .    Citation with carbon copy, Original Petition and Application for Declaratory Relief

3. COURT:                  District Court of Orange County
                           Case Number D040342C

4. NATURE OF ACTION:       Seeking benefits due and owing under disability insurance

5. ON WHOM PROCESS WAS SERVED:      CT Corporation System, Dallas, Texas

6. DATE AND HOUR OF SERVICE:        By Certified mail on 08/30/2004 with Postmarked Date 08/27/2004

7. APPEARANCE OR ANSWER DUE:        10:00 a.m. Monday next after expiration of 20 days

8. ATTORNEY(S):       McPherson Monk Hughes Bradley Wimberley & Steele, LLP
                      3120 Central Mall Drive
                      Port Arthur, TX  77642

9. REMARKS:       Name discrepancy noted.



SIGNED      CT Corporation System

PER         Beatrice Casarez /BP
ADDRESS     350 North St. Paul Street
            Dallas, TX  75201
            SOP WS 0006571741

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# EXHIBIT A-3

## CAUSE NO. D040342-C

| | | |
|---|---|---|
| TOMMY A. CARY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | ORANGE COUNTY, TEXAS |
| HARTFORD LIFE INSURANCE | § | |
| COMPANY AND ALLIANZ LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 260TH JUDICIAL DISTRICT |

## NOTICE OF FILING OF NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("Allianz Life"),

improperly sued as "Allianz Life Insurance Company," a non-existent entity, Defendant

in the above-styled case, giving notice to this Court that Defendant has on the 16th day

of September, 2004, filed a Notice of Removal in the United States District Court for the

Eastern District of Texas, Beaumont Division in the above-styled and numbered cause

which was until now pending in the 260th Judicial District Court of Orange County,

Texas, thereby removing this case to the United States District Court for the Eastern

District of Texas, Beaumont Division. A true and correct copy of said Notice of Removal

is attached hereto as Exhibit "A."

Respectfully submitted,

WM. LANCE LEWIS
State Bar No. 12314580
M. KASEY RATLIFF
State Bar No. 24041751
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4300
Dallas, Texas  75202
(214) 651-4300 (Telephone)
(214) 659-4170 (Direct Fax)

**ATTORNEYS FOR DEFENDANT
ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was sent to all counsel of record via Certified Mail, Return Receipt Requested, this _____ day of September, 2004.

M. KASEY RATLIFF

# EXHIBIT B

# CIVIL DOCKET

**Case No.** D  040342

| NUMBER OF CASE | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| D 040342 | TOMMY A CARY | JAMES E WIMBERLEY | DAMAGES/OTHER | 08 | 23 | 04 |
| | VS | Pltf. | | | | |
| Jury Fee, $ | HARTFORD LIFE INS CO ET AL | | | | | |
| Paid | | Deft. | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | |
|---|---|---|---|---|---|
| Mo. | Day | Year | | VOL | PAGE |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

CERTIFIED COPY

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **TOMMY A. CARY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARTFORD LIFE INSURANCE** | § | **CIVIL ACTION NO.** _____ |
| **COMPANY AND ALLIANZ LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |
| | § | |

## LIST OF SUPPLEMENTAL INFORMATION
## PURSUANT TO LOCAL RULE CV-81

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("Allianz Life"),

improperly sued as "Allianz Life Insurance Company," a non-existent entity, Defendant

in the above-styled case, file this its List of Supplemental Information Pursuant to Local

Rule CV-81(c)(1-5), and would respectfully show the Court as follows:

## I.
## PARTIES

1. Tommy A. Cary, Plaintiff.

2. Allianz Life Insurance Company of North America, Defendant.

3. Hartford Life Insurance Company, Defendant.

4. Status of removed case: pending; no trial setting.

## II.
## ATTORNEYS

1.  **Attorneys for Plaintiff, Tommy A. Cary**

    James E. Wimberley
    State Bar No. 21750350
    McPherson, Monk, Hughes, Bradley, Wimberley & Steele, LLP
    3120 Central Mall Drive
    Port Arthur, TX  77642
    (409) 724-6644 (Tel)
    (409) 724-7585 (Fax)

2.  **Attorneys for Defendant, Allianz Life Insurance Company of North America**

    Wm. Lance Lewis
    State Bar No. 12314560
    M. Kasey Ratliff
    State Bar No. 24041751
    Strasburger & Price, LLP
    901 Main Street, Suite 4300
    Dallas, Texas 75202
    (214) 651-4300 (Tel)
    (214) 651-4330 (Fax)

3.  **Attorneys for Defendant, Hartford Life Insurance Company**

    Thomas E. Sanders
    State Bar No. 00794589
    Akin, Gump, Strauss, Hauer & Feld, LLP
    300 Convent, Suite 1500
    San Antonio, TX  78205
    (210) 281-7139 (Tel)
    (210) 224-2035 (Fax)

## III.
## JURY REQUEST

1.  Plaintiff:     No

2.  Allianz Life:  No

3.  Hartford:      No

# IV.
## STATE COURT

This case is being removed from the following Court:

Orange County District Court, 260th Judicial District
801 West Division
Orange, TX 77630